UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO:

CHARLIE LANZA, as
Personal Representative of the Estate of
RAFAEL SANCHEZ

    Plaintiff,

vs.

CITY OF MIAMI.

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT

COMES NOW the Plaintiff, CHARLIE LANZA, as Personal Representative of the Estate of RAFAEL SANCHEZ, ("Plaintiff" or "Ms. Lanza") by and through her undersigned attorney, and sues the Defendant, CITY OF MIAMI based upon the following allegations:

### JURISDICTION

1. This is an action arising out of the Civil Rights Act, 42 U.S.C § 1983, the Fourth Amendment of the United States Constitution and the laws of the State of Florida.

2. The jurisdiction of this Court is predicated on 28 U.S.C §§ 1331 and 1342(a)(3) and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a).

3. Venue is placed in the United States District Court for the Southern District of Florida because it is where all the defendants reside and where the events complaint of occurred.

4. This is an action for damages which exceed the sum of Seventy-five Thousand Dollars ($75,000.00).

1

## PARTIES

5. At all times relevant hereto and in all actions described herein, RAFAEL SANCHEZ (hereinafter "Decedent"), was a 27 year old male, a resident of Miami, Florida, a citizen of the United States of America, who is now deceased.

6. At all times material hereto, CHARLIE LANZA was and is the duly appointed Personal Representative of the Estate of Rafael Sanchez, deceased, and is the proper party to bring this action on behalf of her minor daughter, SS, the surviving child of RAFAEL SANCHEZ, and is entitled to recovery under Florida Statutes § 768.16 – 768.21.

7. Defendant, CITY OF MIAMI (hereinafter "City"), is a political subdivision of the State of Florida, a Florida municipality, and at all times relevant to this case, acted through its agents, employees, and servants.

## FACTUAL ALLEGATIONS

8. On August 3, 2022, at approximately 4:15 p.m. City of Miami Police officers, Sergeant O. Baquedano, Officer A. Vigo, Officer A. Valdes, and Officer A. Coello arrived at 3401 Northwest 17th Avenue to locate the Decedent for a robbery he was alleged to have committed (Case number 220622-0044118).

9. At approximately 4:20 p.m., Decedent was taken into custody by the City of Miami police officers.

10. At approximately 8:09 p.m. Decedent was transported to the City of Miami Police Department for interrogation.

11. Upon arrival at the police station, Decedent was placed in an interview room by himself waiting to be interviewed by Detective V. Fernandez.

12. While in the interview room at the police station observed the Decedent having a medical emergency through the television monitors of the room.

13. Upon information and belief, while in custody, Decedent ingested a large quantity of drugs – presumed to be methamphetamine – that were hidden on his person.

14. At approximately 9:49 p.m., over five hours after being taken into custody, emergency medical services were called to the police station.

15. Fire Rescue arrived at the police station at approximately 10:00 p.m. led by Lieutenant A. Menendez.

16. At approximately 10:32 p.m. the Decedent was transported by Fire Rescue to Jackson Memorial Hospital.

17. At 11:07 p.m., approximately seven hours after being taken into custody, Decedent was pronounced dead by Dr. John Esin.

18. On August 4th, 2022, an autopsy was performed on Decedent wherein his cause of death was determined to be "Acute Methamphetamine Toxicity."

## COUNT I

### Violation of Civil Rights While Acting Under the Color of Law
### 42 U.S.C. § 1983 – Against City

19. Plaintiff adopts by reference the allegations set forth in 1 through 18 above.

20. This Cause of action is brought by PLAINTIFF, against Defendant, CITY, for deprivation by its agents, servants, or employees, of constitutional rights within the meaning of 42 U.S.C. § 1983.

21. City of Miami police officers, Sergeant O. Baquedano, Officer A. Vigo, Officer A. Valdes, and Officer A. Coello, while acting under color of law, as authorized agents of Defendant, CITY, while arresting Decedent in furtherance of their duties caused a constitutional deprivation of Decedent, namely the violation of the Fourth and Fourteenth Amendments.

22. Defendant CITY, through its agents, while acting under color of state law, and by virtue of the authority vested in them by the State or its agencies, failed to act or promulgate sufficient policies or procedures to ensure the proper search, seizure, and monitoring of citizens being taken into custody, and the failure to do so resulted in the death of Decedent.

23. As a direct and proximate result of CITY, its agents, servants, and employees' unconstitutional acts, Decedent to sustained severe physical injury resulting in his death on August 3, 2022.

WHEREFORE, Plaintiff, CHARLIE LANZA, as Personal Representative of the Estate of RAFAEL SANCHEZ and on behalf of SS, minor child of the deceased, demands judgment and damages against the Defendant, CITY OF MIAMI, including damages for the past and future loss of support and services, past and future loss of parental companionship, instruction and guidance, and for past and future mental pain and suffering of RAFAEL SANCHEZ's minor child, medical and funeral expenses, loss of net accumulations of the Estate, and punitive damages, attorney's fees pursuant to 42. U.S.C. § 1988, and costs and such other and further relief as this Court deems just and proper and demands a trial by jury of all issues so triable.

## COUNT II

### Wrongful Death Against CITY

24. Plaintiff adopts by reference the allegations set forth in 1 through 18 above.

25. Defendant CITY owed a duty to Decedent as a person in custody related to City's exercise of its police powers.

26. Defendant CITY was negligent or otherwise failed to meet its duties, non-delegable and otherwise, which it owed to PLAINTIFF and Decedent, in that CITY and/or their real and/or apparent agents, did or failed to do one or more of the following acts of omission or commission any or all of which were departures from the prevailing standard of care;

   a. CITY, by and through its agents, servants and employees failed to use reasonable care when detaining and searching Decedent while being taken into custody.

   b. CITY, by and through its agents, servants and employees failed to use reasonable care and failed to properly monitor Decedent while in the care, custody, and control of CITY.

   c. CITY, by and through its agents, servants and employees failed to use reasonable care and failed to provide appropriate medical assessments and assistance.

   d. CITY, by and through its agents, servants, and employees failed to use reasonable care to ensure Decedent's safety and well-being while in custody.

27. As a direct and proximate result of CITY, its agents, servants, and employees breach of the aforementioned duties to use reasonable care to ensure Decedent's safety and well-being, Decedent died on August 3, 2022.

28. At the time of his death, Decedent, left behind survivors and beneficiaries under Florida's Wrongful Death Act, including his Estate, and his minor child, SS.

WHEREFORE, Plaintiff, CHARLIE LANZA, as Personal Representative of the Estate of RAFAEL SANCHEZ and on behalf of SS, minor child of the deceased, demands judgment and

damages against the Defendant, CITY OF MIAMI, including damages for the past and future loss of support and services, past and future loss of parental companionship, instruction and guidance, and for past and future mental pain and suffering of RAFAEL SANCHEZ's minor child, medical and funeral expenses, loss of net accumulations of the Estate, and any other damages recoverable under Florida law and Florida's Wrongful Death Statute. Plaintiff further demands a trial by jury of all issues so triable.

Dated this 2nd day of August, 2024

**REDONDO LAW, P.A.**
*Counsel for the Plaintiff*
2828 Coral Way, Suite 201
Miami, FL 33145
Telephone: (305) 908-6778
Fax: (305) 831-7029
Primary e-mail: mike@redondolawfirm.com
Secondary e-mail: service@redondolawfirm.com

By:   /s/ Michael D. Redondo
         Michael D. Redondo, Esq.
         Florida Bar No. 86550